(January 25, 2001)

■ MANUEL LOPEZ et al., Appellants, v BETH KUTIS, Respondent. [720 NYS2d 104] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 28, 1999, which denied plaintiffs' motion to set aside the jury verdict as against the weight of the evidence and to grant a new trial, reversed, on the facts and in the exercise of discretion, without costs, and the matter remanded for a new trial.

Plaintiff's car, while stopped at an intersection, was hit in

the rear by defendant's car. Defendant denied having been involved in the accident, so that the fact of her involvement was the main focus of pre-trial proceedings and of the trial. The jury, presented with evidence supporting plaintiff's negligence claim, found that defendant's vehicle had, in fact, struck plaintiff's car and adjudged defendant liable in negligence. However, the jury found that defendant's negligence was not a substantial factor in causing plaintiff's injuries, and this part of the verdict is presently being challenged.

While as a matter of course, we ordinarily refrain from disturbing such jury findings, fundamental error in this case deprived plaintiff of a fair trial on that issue. The IAS Court found the record to reflect that the parties initially agreed to conduct a bifurcated trial, which plaintiff believed to mean that evidence of injuries, including medical evidence, would not be presented in the liability portion of the trial. While this perception may have overlooked the need to present evidence of injuries pursuant to plaintiff's obligation to prove proximate causation, nevertheless, the IAS Court in its preliminary instructions directed the jury that "there will be no testimony or any mention of injury. Any person mentioning injury or any medical treatment I direct you to disregard it." This instruction was error and likely confused the jury. Defendant's counsel objected to the court's instruction and argued that causation was a necessary element of liability in negligence, that medical testimony concerning injuries would be required to prove proximate causation. Plaintiff's counsel disagreed. He asserted that the parties, in a pre-trial conference before JHO Alfred Toker, agreed to limit the bifurcated trial to the issue whether there was a collision between the two vehicles. He further asserted that they had agreed that if the jury found that these two vehicles had collided, the defendant would tender the $25,000 policy without a trial on damages. The trial court referred this issue to JHO Toker for clarification. Upon clarification, the parties informed the trial court that medical proof would be introduced to prove proximate causation.

The preliminary instruction underscores the court's own misapprehension, until trial commenced, regarding the scope of the agreement to bifurcate the trial. The court's later instruction that "there may * * * be testimony concerning physical injury and treatment. If I allow that * * * you may consider it only as to the question of liability" likely did not dispel the confusion. In any event, plaintiff indicated for the record that at this stage of the trial, relevant and material medical testimony was unavailable on such short notice. Plaintiff was

unable to call three treating physicians or subpoena defendant's examining physicians. Plaintiff was able to call his treating neurologist, who testified concerning alleged exacerbation of back injuries, but not about some of the other alleged injuries.

This is not a case in which a fully developed record indicating the flaws in a plaintiff's case warrants reinstatement of the verdict notwithstanding a faulty charge (*cf.*, *Califano v City of New York*, 212 AD2d 146). Rather, it is a case in which " 'common sense, experience and [a] sense of fairness' " (*Micallef v Miehle Co.*, 39 NY2d 376, 381 [citation omitted]) militate in favor of vacating that part of the verdict that necessarily depended on a fair exposition of medical proofs. Under the unique circumstances of this case, then, we exercise our interest of justice jurisdiction (CPLR 4404 [a]) to remand for a new trial on the limited issue of the nature and extent of the injuries and whether they were proximately caused by the accident. Concur—Rosenberger, Tom, Andrias and Wallach, JJ.

Sullivan, P. J., dissents in a memorandum as follows: In my view, there is no fundamental error in this case and the jury's verdict that defendant's negligence was not a substantial factor in causing plaintiff's injuries should stand. Accordingly, I dissent.

As the majority points out, the record reflects that after the court gave the preliminary instruction that "[t]here will be no testimony or any mention of injury," it became clear that the parties were in disagreement as to the scope of the liability trial, i.e., whether plaintiff was required to prove causation only of the accident or whether he was required to prove causation of the injuries as well. When the trial continued two days later, however, the court announced that the parties had reached an agreement, which defendant's counsel put on the record as follows: "If negligence, meaning the act and the injury, causation [*sic*] is established, then [p]laintiff's attorney is entitled to twenty-five thousand dollars, and with that understanding [plaintiff's attorney] is going to investigate whether there is a doctor available to testify with respect to the liability of causation." Plaintiff's counsel acknowledged that the parties had so agreed, with the qualification that if he could not obtain the testimony of one of the doctors whose report had been exchanged, he would ask for a mistrial.*
Counsel and the court then discussed how best to clarify the

---

* I note that plaintiff's attorney's affirmation, which states that the Trial Judge ruled that defendant would be allowed to contest whether the injuries had arisen from the accident and that plaintiff objected on the ground that this was not the original agreement and that he would be prejudiced by this

court's erroneous instruction as to evidence of injury. Immediately after the jury entered, the court supplemented its earlier instruction: "Yesterday when I spoke to you at length about certain instructions that I had told you that there would be no testimony or mention about injury, one of the things that the attorneys and I have discussed this morning that there may be, in fact, testimony concerning physical injury and treatment. If I allow that part of the record you may consider it only as to the question of liability, that is, who is responsible for the occurrence and the injury. You are not to consider the medical testimony for any other purpose." Plaintiff did not object to this instruction; indeed, he consented to it in advance. Nor did he object either to the submission to the jury of the question whether defendant's negligence was a substantial factor in bringing about plaintiff's injury or the jury charge as to that question.

The corrective charge was prompt and clearly instructed the jury that it was to disregard the previous instruction regarding evidence of injury and that it could, in fact, rely on such evidence for a limited purpose. Thus, I am at a loss to understand the majority's conclusion that it "likely did not dispel the confusion."

The majority also suggests that while plaintiff's treating neurologist testified about some of plaintiff's injuries, plaintiff was prejudiced by his inability, on such short notice, to call three other treating physicians and to subpoena defendant's examining physician. As noted, however, plaintiff did not object to this method of handling the problem; he unequivocally expressed his willingness to proceed with the trial so long as one of "the doctors whose reports had been exchanged" would be available to testify. The neurologist was one of those doctors. While, with the benefit of hindsight, plaintiff might not have consented to proceed with the trial with only the neurologist's testimony, having chosen to go forward, he should not be permitted to reap that benefit now.

Accordingly, the order should be affirmed.

---

approach, is in sharp contrast to the trial transcript, which reflects that both parties' counsel ultimately agreed that proof of causation of the injury would be required to establish liability. While after the jury reached its verdict, plaintiff's attorney's stated that throughout the trial he had maintained that the only issue the "jury should determine is the issue of whether or not an accident happened," the record establishes otherwise.